# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:09cv375

| | |
|---|---|
| WILLIAM NORKUNAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| BILTMORE EIGHT, A Foreign LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Add Defendant (#25). Previously, plaintiff filed a Motion to Amend, wherein plaintiff alleged that he had reason to believe that the property subject to this ADA action had been transferred to another corporation. The court denied that motion, finding that Rule 25, Federal Rules of Civil Procedure, governed substitution of parties where there has been a transfer of interest. The court denied the motion "without prejudice in favor of a appropriately filed motion under Rule 25(c)."

While leading off his motion with a citation to Rule 25(c) motion, plaintiff has in essence filed a Rule 19 motion to add a necessary party and has again relied on Rule 15 in the first paragraph of his motion. Apparently, plaintiff is not satisfied as to whether there is any corporate relationship between defendant herein and the

-1-

proposed additional defendant. Motion to Add Defendant (#25), at ¶ 9. Defendant's response does not assist the court in the inquiry as defendant states that it will not respond to the motion. Based on plaintiff's brief, he is unwilling to order a report from the Secretary of State of Delaware to determine the members of TSLF Biltmore, LLC, the purported successor in interest to defendant. See https://delecorp.delaware.gov/tin/controller.

Rule 15, Federal Rules of Civil Procedure, is not, however, the appropriate procedural rule where there is a transfer of interest during the course of the proceedings. Instead, the remedy for a transfer of interest is found in Rule 25(c), which provides in relevant part, as follows:

> **(c) Transfer of Interest.**
> If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed.R.Civ.P. 25(c). While plaintiff has taken a different route despite the court's earlier instructions, Rule 25 is the appropriate avenue as it allows the court to either substitute or join the new defendant "with the original party." Id. The court finds the more general provisions of Rule 19, while helpful, to be inapplicable as Rule 25 specifically addresses transfers of interest and provides the court with a mechanism for either retaining or releasing the transferor defendant. At this point, the parties

have not provided the court with sufficient information upon which to make a sound determination.

Next, it appears that plaintiff has made a good faith attempt to serve the purported transferee in accordance with Rule 25(a)(3), which requires service of the motion in the manner provided by Rule 4. Inasmuch as the proposed defendant has not filed a response, which is unusual, the court has closely reviewed the Affidavit of Service (#25-2) and finds a number of irregularities, which may suggest that such proposed defendant was not in fact served. The process server included in his affidavit a notation that the "front desk secretary" refused to give her name and that she was "hateful." Id., at p. 1. Such notation has given the court pause as the Hendersonville process server avers that he served "Corporation Service Company" in Raleigh, which is a professional corporation dedicated to the routine acceptance of service of process. Assuming the veracity of such statement, it is difficult for the court to believe that a front-desk receptionist at a corporate process service office would be flustered by receiving service. While entirely possible, the court also finds it difficult to understand why a process server would drive from Hendersonville to Raleigh to personally serve a corporate agent, when such agent could be served by certified mail. Fed.R.Civ.P. 4(h)(1)(A); N.C.R.Civ.P. 4(j)(6)(c). Further concern is found in the attestation inasmuch as the process server appears to have signed the

certificate in North Carolina, but utilized a Commonwealth of Virginia notary in his subscription.

Finally, plaintiff states that it has filed the instant motion beyond the court's deadline because they only recently discovered certain information. Plaintiff states as follows:

> Finally, Plaintiff submits this Motion beyond the Court's deadline as they have only recently become aware of this information. At no time did Defendant Biltmore Eight LLC inform Plaintiff that they were suffering financial hardship or were subject to foreclosure proceedings. Rather, Plaintiff was informed of this development on October 12, 2010, 12 days past the end of discovery deadline set by this Court of October 1, 2010. Even more perplexing is that Plaintiff was only given a deed purporting to show a change of ownership of the subject property, said deed being executed on September 30, 2010. The entire transaction, if authentic, riddles with the appearance of impropriety as an effort of Defendant Biltmore Eight LLC to avoid liability by conducting a transfer of ownership on the eve of the discovery end date.

Motion to Dismiss, at pp. 3-4. Such does not, however, amount to excusable neglect under Rule 6(b) as this defendant's financial woes have been front-page news in the Asheville community for years. Further, while the plaintiff may well see the transfer as an attempt to dodge liability, the suggestion that defendant would go to the expense of concocting a sham transaction - - involving transfer of a multi-million dollar property to another entity - - to avoid responsibility for a limited number of alleged

ADA violations[1] is beyond even the minimal requirements of plausibility.

Thus, the court has no choice but to set this matter on for hearing. At that hearing, the court expects plaintiff, having made a suggestion that the property has been transferred, to show good cause why "the action may be continued . . . against the original party . . . ." In doing so, the court expects plaintiff to have ordered and present the available reports from the Delaware Secretary of State concerning the membership of the TSLF Biltmore, LLC. Further, plaintiff should be prepared to address the court's concerns as to the service of TSLF Biltmore, LLC, and suggests that plaintiff obtain a supplemental affidavit concerning the process server's efforts at service such potential defendant's authorized agent for service for process.[2] Defendant may wish to submit an affidavit that it is not a member of such transferee LLC. Every effort should be made to ensure that TSLF Biltmore, LLC, is notified of the motion and hearing.

---

[1] Any alleged violation of the ADA, if later proven to exist, is of great concern to this court as it impacts persons with disabilities in accessing public accommodations. However, the court's observation is limited to the possible *monetary* impact (including correction of barriers, damages, and fees), which is comparatively little when compared to the value of one of the largest commercial properties in Asheville, albeit distressed.

[2] The court is concerned that the Hendersonville process server may have, inadvertently, attempted to serve someone at the Biltmore Square Mall, rather than the authorized agent in Raleigh.

# ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Add Defendant (#25) is **CALENDARED** for hearing on January 28, 2011, at 2 p.m., in Courtroom #2 in Asheville, North Carolina.

Signed: January 20, 2011

Dennis L. Howell
United States Magistrate Judge